**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**UNITED STATES OF AMERICA,**

       **- against -**　　　　　　　　　　　**02 Cr. 706 (JGK)**

**JUAN CARLOS GIRALDO PEREZ,**　　　　　**MEMORANDUM OPINION AND ORDER**

         **Defendant.**

------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner has filed a "Motion to Resentence" in which he asks the Court to grant him credit for time spent in Colombia which has been credited against a sentence that was imposed in Colombia.

    To the extent that the motion is in fact a "Motion to Resentence," the petitioner cites no authority for the Court to re-sentence the defendant. The defendant does not contend that the sentence that the Court imposed was illegal in any way, and indeed he affirms that the sentence was itself proper.

    The petitioner's complaint is with the failure of the Bureau of Prisons to afford him certain credit for time spent in prison in Colombia. See, e.g., Werber v. United States, 149 F.3d 172, 179 (2d Cir. 1998) ("After a defendant is sentenced, it falls to [the] BOP, not the district judge, to determine . . . whether the defendant should receive credit for time spent in custody before the sentence commenced[.]" (internal quotation marks and citations omitted)). Complaints concerning the time

credited by the Bureau of Prisons are appropriately made pursuant to 28 U.S.C. § 2241, and a prisoner must exhaust administrative remedies before seeking relief in the district court.  See, e.g., Villanueva v. United States, 346 F.3d 55, 63 (2d Cir. 2003); Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994); Cabrera v. Bureau of Prisons, No. 04 Civ. 4873, 2005 WL 1712205, at *2 (E.D.N.Y. July 19, 2005).  Such a proceeding must be brought in the District in which the petitioner is serving his sentence.  Under § 2241, district courts are granted jurisdiction to issue writs of habeas corpus only "within their respective jurisdictions."  28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Garcia-Cruz v. United States, 270 F. Supp. 2d 353, 355-56 (S.D.N.Y. 2003) ("[A] Section 2241 petition generally must be brought in the district where the petitioner is in custody . . . .").  In this case, the petitioner is in custody within the jurisdiction of the Western District of Pennsylvania, and the petitioner has in fact brought a habeas corpus proceeding in that District seeking the same relief he seeks from this Court.  The habeas petition was denied, and the petitioner has now moved to reopen the proceeding.  The

petitioner is unhappy with the pace of the proceeding in the Western District of Pennsylvania, but that does not provide the petitioner with any right to pursue his claim in this Court which has no jurisdiction to hear it.

The motion to resentence is **denied**. The Clerk is directed to close Docket Nos. 214 and 220.

SO ORDERED.

Dated: New York, New York
January 30, 2012

　　　　　　　　　　　　　　　　　　　／s／ John G. Koeltl
　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　United States District Judge